# Exhibit A

# ROBOTICS HUB FUND 1, LLC

## COMMON UNIT AWARD AGREEMENT

The Board, as defined in the Amended and Restated Operating Agreement of Robotics Hub Fund 1, LLC, a Delaware limited liability company (the "**Company**"), dated as of March 23, 2016, as amended (the "**LLC Agreement**"), has decided to grant to you Common Units in the Company pursuant to Section 3.2 of the LLC Agreement. The terms of the grant (the "**Grant**") are set forth in this Common Unit Award Agreement (the "**Award Agreement**") provided to you. The following provides a summary of the key terms of the Grant; however, you should read the entire Award Agreement, along with the terms of the LLC Agreement to fully understand the Grant.

## SUMMARY OF AWARD AGREEMENT

| | |
|---|---|
| Grantee: | Christopher Moehle |
| Date of Award: | March 23, 2016 |
| Vesting Schedule: | 20% vests on the first anniversary of Date of Award; 1.6666% vests ratably on the last day of each month thereafter until the fifth anniversary of the Date of Award |
| Common Units Awarded: | 42 Common Units |

US_ACTIVE-126168249.3

# ROBOTICS HUB FUND 1, LLC

## COMMON UNIT AWARD AGREEMENT

This Common Unit Award Agreement (this "**Award Agreement**"), dated as of March 23, 2016 (the "**Effective Date**"), is delivered by Robotics Hub Fund 1, LLC, a Delaware limited liability company (the "**Company**"), to Christopher Moehle (the "**Grantee**").

## RECITALS

A.  The Company was duly formed for the primary purpose of serving as the general partner of Robotics Hub Fund 1, LP, a Delaware limited partnership (the "**Fund**"), which invests in early-stage robotics companies.

B.  The Amended and Restated Operating Agreement of Robotics Hub Fund 1, LLC, a Delaware limited liability company (the "**Company**"), made and entered into as of March 23, 2016, as amended (the "**LLC Agreement**"), provides for the grant of Common Units in the Company pursuant to Section 3.2 of the LLC Agreement. The Board (as defined in the LLC Agreement) has granted the Award (as defined below) to encourage the Grantee to contribute materially to the growth of the Company, and to align the economic interests of the Grantee with those of the Company's owners. A copy of the LLC Agreement is attached hereto as Exhibit A. All capitalized terms not defined herein shall have the meaning given to such terms in the LLC Agreement.

**NOW, THEREFORE**, the parties to this Award Agreement, intending to be legally bound, hereby agree as follows:

**1.    Grant of Management Incentive Award.**  Subject to the terms and conditions set forth in this Award Agreement and the LLC Agreement, the Company hereby grants to the Grantee forty-two (42) Common Units (the "**Award**"). This Award Agreement (which is effective as of the Effective Date upon the parties' exchange of signed counterpart signature pages hereto) and the LLC Agreement govern the terms of the grant of the Award.

**2.    Vesting of Awarded Common Units.**

(a)    Unless otherwise determined by the Board, the Award shall vest in accordance with the following schedule (each date described below, a "**Vesting Date**"), if the Grantee is employed by or otherwise providing greater than 95% of his professional activities, as determined in the sole discretion of the Board (collectively, "**Full Time Services**"), to a combination of the Company, the Fund and the investment manager of the Fund (including services provided to portfolio companies of the Fund in the Grantee's capacity as an employee of the investment manager) (collectively, the "**Company Group**") on the applicable Vesting Date.

2

| Vesting Date | Common Units Vested |
|---|---|
| March 23, 2017 | 20% of the Award |
| On the last day of each month starting April 30, 2017 | 1.6666% of the Award |
| March 23, 2021 | 1.6666% of the Award |

(b) Upon termination of providing Full Time Services of the Grantee to the Company Group at any time for Cause (as defined below), any portion of the Award that is vested shall be subject to a repurchase right as set forth in Section 3 of this Award Agreement. Any portion of the Award that is unvested shall be forfeited at the time of the termination of Full Time Services of the Grantee to the Company Group for any reason (including for Cause).

**3.     Repurchase Right and Forfeiture.**

(a)     Termination of Full Time Services – Unvested Common Units. Any and all of a Grantee's unvested Common Units shall be forfeited upon the termination of the Grantee's Full Time Services to the Company Group for any reason (including for Cause).

(b)     Termination of Employment for Cause. Upon termination of the Grantee's Full Time Services to the Company Group for Cause (as defined below), the Company shall have a right to repurchase any vested Common Units from such Grantee thereafter for an amount equal to the amount that would be allocated to such Grantee's Common Units if the Company were liquidated on the date the Common Units were issued at Fair Market Value (as determined in good faith by the Board). For purposes of this Award Agreement, "Cause" shall have the meaning set forth in the written employment agreement between the Grantee and the Company in effect on the date of the termination of Grantee's Full Time Services, or if no such agreement exists, shall mean any of the following: (i) willful misconduct, intentional failure to perform duties, or fraud, embezzlement or other misappropriation of funds or property of the Company or any of its subsidiaries; (ii) the commission of acts that constitute a felony; (iii) the conviction of a crime involving any financial impropriety or moral turpitude, that would materially interfere with the ability to perform services or that otherwise would be materially injurious to the Company or any of its subsidiaries; or (iv) the material breach of any material obligations or covenants with the Company after notice and a reasonable opportunity to cure with respect to any breach reasonably susceptible to a cure.

(c)     Repurchase Rights. Upon the determination by the Company to exercise its repurchase right set forth in Section 3(b) of this Award Agreement, the Company shall provide notice to the Grantee within ninety (90) days following the date of termination of employment or the cessation of the provision of services to the Company with a closing on the repurchase to be completed no later than sixty (60) days after the notice is provided to the Grantee.

(d)     Fair Market Value. For purposes of this repurchase right as set forth in Section 3 of this Award Agreement, "Fair Market Value" means such determination of the valuation of the

3

Company, any Units, or Company property as reasonably determined by the Board. For purposes of clarity, except as otherwise set forth herein, the Fair Market Value of a Unit as of any date shall be the amount that would have been distributed with respect to such Unit upon the consummation of a dissolution and liquidation of the Company pursuant to Article 11 of the LLC Agreement on such date if the proceeds from such liquidation were distributed to the Members.

4. **Issuance of Common Units**.

(a) The obligation of the Company to deliver the Common Units shall be subject to all applicable laws, rules, and regulations and such approvals by governmental agencies as may be deemed appropriate by the Board, including such actions as Company counsel shall deem necessary or appropriate to comply with relevant securities laws and regulations.

(b) All obligations of the Company under this Agreement shall be subject to the rights of the Company to withhold amounts required to be withheld for any taxes, if applicable.

(c) The Grantee shall receive allocations and distributions of the Company's profits and losses based upon the terms of the LLC Agreement.

(d) The Grantee hereby agrees to make a timely and effective election under Code Section 83(b) with respect to his Common Units and agrees to provide a copy to the Company.

(e) In accordance with the finally promulgated successor rules to Proposed Regulations Section 1.83-3(l) and IRS Notice 2005-43, the Grantee hereby authorizes and directs the Company to elect a safe harbor under which the Fair Market Value of any Common Units issued after the effective date of such Proposed Regulations (or other guidance) will be treated as equal to the liquidation value (within the meaning of the Proposed Regulations or successor rules) of the Common Units as of the date of issuance of such Common Units. In the event that the Company makes a safe harbor election as described in the preceding sentence, the Grantee hereby agrees to comply with all safe harbor requirements with respect to transfers of Membership Interests while the safe harbor election remains effective.

5. **Change in Control**.

(a) In the event the Company undergoes a Change in Control, all Common Units which are not vested at the time of the Change in Control shall vest in full, effective immediately prior to the consummation of the Change in Control, and a Grantee shall have the right to receive any distributions on account of such vested Common Units as set forth to the LLC Agreement.

(b) For purposes of the Award, "Change in Control" means a change in ownership or control of the Company effected through any of the following transactions: (i) a merger, consolidation or other reorganization approved by the Company's equity holders, unless securities representing more than 50% of the total combined voting power of the voting securities of the successor entity are immediately thereafter beneficially owned, directly or indirectly, and in substantially the same proportion, by the persons who beneficially owned the Company's outstanding voting securities immediately prior to such transaction; (ii) a sale, transfer or other disposition of all or substantially all of the Company's assets in liquidation or dissolution of the Company approved by the Company's equity holders; or (iii) the acquisition,

4

directly or indirectly, by any person or related group of persons (other than the Company or a person that directly or indirectly controls, is controlled by, or is under common control with, the Company), of beneficial ownership (within the meaning of Rule 13d-3 of the Securities Exchange Act of 1934) of securities possessing more than 50% of the total combined voting power of the Company's outstanding securities pursuant to a purchase transaction or a tender or exchange offer made directly to the Company's equity holders.

6. **Transfer; Repurchase Right**. As a condition of receiving the Award, the Grantee hereby agrees that any Common Units issued hereby shall be subject to the transfer restrictions and repurchase rights described herein in the LLC Agreement.

7. **Limited Liability Company Obligations**. As a condition of receiving the Award, the Grantee hereby agrees to sign all required documents and take any actions as deemed appropriate by the Board to comply with relevant laws, rules, and regulations.

8. **Restrictions on Transfer**. Only the Grantee has any rights under this Award. The Grantee may not transfer those rights, directly or indirectly, except by will or the laws of descent and distribution.

9. **Award Subject to LLC Agreement Provisions**. This Award is made pursuant to the LLC Agreement, the terms of which are incorporated herein by reference, and in all respects shall be interpreted in accordance with the LLC Agreement. The Board shall have the full power and authority to administer and interpret this Award Agreement, to make factual determinations, and to adopt or amend such rules, regulations, agreements, and instruments for implementing the LLC Agreement and for the conduct of its business as it deems necessary or advisable. All powers of the Board shall be executed without the approval or consent of the Grantee.

10. **No Employment Rights**. The grant of this Award shall not confer upon the Grantee any right to be retained by or in the employ or service of the Company and shall not interfere in any way with the right of the Company to terminate the Grantee's employment or service at any time. The right of the Company, as applicable, to terminate at will the Grantee's employment or service at any time for any reason is specifically reserved.

11. **Notice**. Any notice, demand or communication required or permitted to be given by any provision of this Award Agreement will be in writing and will be deemed to have been given when actually received. Any such notice, demand or communication may be given by overnight courier, email or certified mail (return receipt requested) and will be addressed to Grantee at the address set forth on the signature page to this Award Agreement, and/or to the Company at its principal office or to such other address as a party may from time to time designate by notice to the other parties.

12. **Amendment and Termination**. The Board may amend or terminate this Award Agreement at any time; provided, however, that the Board may not make any amendment to this Award Agreement or to this Award that would materially and adversely affect any Grantee of issued and outstanding Common Units without the express written consent from any such affected Grantee.

5

13. **Headings.** Section headings in this Award Agreement are for reference only. In the event of a conflict between a section heading and the content of a section, the content of the section shall control.

14. **Applicable Law.** The validity, construction, interpretation and effect of this Award Agreement shall be governed by and construed in accordance with the laws of the State of Delaware, without giving effect to the conflicts of laws provisions thereof.

*[Signature page follows]*

IN WITNESS WHEREOF, the Company has caused its duly authorized officer to execute this Award Agreement, and the Grantee has executed this Award Agreement, effective as of the Effective Date.

**ROBOTICS HUB FUND 1, LLC**

By: _/s/ Christopher Moehle_
Name: Christopher Moehle
Title: Manager

I hereby accept the Award described in this Award Agreement, and I agree to be bound by the terms of this Award Agreement and the LLC Agreement. I hereby further agree that all of the decisions and determinations of the Board shall be final and binding.

Grantee: _/s/ Christopher Moehle_
Christopher Moehle

Grantee Address:

309 Cola Street
Pittsburgh, PA
15203

## Exhibit A

## Amended and Restated Operating Agreement of Robotics Hub Fund 1, LLC

See attached.